IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JOHNNA JOWANNA MIMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 114-239 |
| | ) | |
| CAREY BARNES, Commissioner's | ) | |
| Designee for Adverse Actions; JULIE | ) | |
| LEWANDOWSKI, GA P.O.S.T. Investigator; | ) | |
| TOMEIKA T. JORDAN, GDC Internal | ) | |
| Affairs Investigator; MICHAEL STANTON | ) | |
| SHEPARD, Warden; T.J. CONLEY, Deputy | ) | |
| Warden of Security; SERGEANT | ) | |
| MICHAEL MCNEIL; OFFICER JESSICA | ) | |
| LEE, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff commenced the above-captioned employment discrimination case *pro se*. Because she is proceeding *in forma pauperis* ("IFP"), Plaintiff's complaint must be screened to protect potential Defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984).

## I. SCREENING OF THE COMPLAINT

### A. BACKGROUND

Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows. Plaintiff is an employee of Augusta State Medical Prison, and it appears from the complaint that she works in the kitchen with Defendant Officer Jessica Lee. (See doc. no. 1, pp. 4-5.) On March 5, 2014, the day Plaintiff returned from FMLA

leave taken so she could care for her mother, Officer Lee disclosed to inmates working in the kitchen the exact hospital, location, and condition of Plaintiff's mother. (See id., p. 3.) On March 29, 2014, Officer Lee prepared a false report regarding Plaintiff and submitted it to her supervisors, and she made disparaging statements about Plaintiff's character and work ethic to inmates. (Id. at 4.) Early on March 30, 2014, Plaintiff confronted Officer Lee about the statements which resulted in a physical altercation. (Id. at 5.) Even after the altercation stopped, Officer Lee kept pushing Plaintiff and accused Plaintiff of assaulting her to Defendant Sergeant Michael McNeil. (Id.) Sergeant Lewis escorted Plaintiff to security after the altercation, and a security officer named Clifford Brown prohibited Plaintiff from returning to the kitchen and obtaining witness statements. (Id.) Officer Lee had no such restrictions. (Id.)

On March 31, 2014, Plaintiff and Officer Lee meet with T.J. Conley, Deputy Warden of Security, who allowed Officer Lee to present a defense and witness statements but did not allow Plaintiff to do so. Mr. Conley told Plaintiff she was lying and did not have any proof to support her version of events. (Id. at 6.) On April 1, 2014, Plaintiff met with Warden Shepard and explained her version of events but he nonetheless suspended her pending an investigation by internal affairs. (Id. at 6-7.) On April 4, 2014, Plaintiff met with Investigator Tomeika Jordan, who informed Plaintiff that she had two pending charges and needed to tell the truth because it did not look good for her. (Id. at 7.) Plaintiff explained to Investigator Jordan that she was not able to gather witness statements in support of her side of the story. (Id.) On April 7, 2014, Warden Shepard fired Plaintiff for assaulting a co-worker. (Id.)

On April 11, 2014, Defendant Carey Barnes, the commissioner's designee for adverse actions, instructed Plaintiff to put the events in writing and fax it to him, and Plaintiff complied.

(Id. at 8.)  On May 18, Plaintiff received a letter from Carey Barnes upholding her termination due to Plaintiff admitting the allegations forming the basis of the termination.  (Id.)  Plaintiff sent Carey Barnes another letter explaining that she was not allowed to present her side of the story and Warden Shepard had tried to press charges.  (Id.)  Plaintiff also received a letter from Defendant Julie Lewandowski regarding her certifications and responded with a letter about her deprivation of rights.  (Id. at 9.)  In addition, Sergeant McNeil has destroyed statements written in Plaintiff's favor, and Captain Gibbons has made statements in front of other officers resulting in discrimination against her.  (Id.)

Plaintiff asserts she has been subjected to unlawful discrimination under the Americans with Disabilities Act ("ADA") due to her "relationship with her mother, in [sic] which subjected [Plaintiff] to a hostile work environment, emotional distress, and deprivation of rights that are guaranteed in the U.S. Constitution."  (Id.)  Plaintiff asserts that she and Officer Lee "are similarly situated, but the only difference is [Plaintiff's] ADA-association and her relationship with supervisors at the time of these events."  (Id.)

### B. DISCUSSION

#### 1. Legal Standard for Screening

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, of if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. § 1915(e)(2)(B).  A claim is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 327 (1989).  Moreover, "[f]ailure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."

Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Failure to State a Claim for Discrimination under the ADA.

Plaintiff asserts an employment discrimination claim under the ADA, 42 U.S.C. § 12112 and has attached documentation indicating she exhausted the required administrative remedies prior to filing this action. 28 U.S.C. § 2675(a); McNeil v. United States, 508 U.S. 106, 107 (1993); Bush v. United States, 703 F.2d 491, 494 (11th Cir. 1983) ("Only those claims presented initially to the appropriate administrative agency are cognizable in a tort action against the United States."). However, Plaintiff has failed to state a claim upon which relief may be granted.

In order to establish a circumstantial *prima facie* case of discrimination under the ADA, a plaintiff must demonstrate that he or she (1) is disabled, (2) is a qualified individual, and (3) was subjected to unlawful discrimination because of his or her disability." Shepard v. United Parcel Serv., Inc., 470 F. App'x 726, 728 (11th Cir. 2012). The ADA defines a disability as (A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment. 42 U.S.C. § 12102(1)

Here, Plaintiff does not allege that she is disabled or was perceived as being disabled by her coworkers, nor does she allege that she was subjected to unlawful discrimination because of any disability she possessed. In fact, Plaintiff only alleges that she was discriminated against because she took time off work to care for her mother. The plain text of the ADA requires that a plaintiff have a disability to qualify for its protections. 42 U.S.C. § 12102(1). Because Plaintiff fails to allege that she possesses any disability, she fails to state a claim upon which relief can be granted.

### 3. Failure to State an FMLA Claim Against Defendants in their Individual Capacities.

. To the extent that Plaintiff is asserting an FMLA claim against Defendants in their individual capacities, these claims are clearly foreclosed by current Eleventh Circuit precedent. See Wascura v. Carver, 169 F.3d 683, 686 (11th Cir. 1999) (holding a public official acting in his individual capacity does not qualify as an employer under the FMLA). Plaintiff cannot hold Defendants liable for acts in their individual capacities because the FMLA defines "employer" narrowly as "any person acting, directly or indirectly, in the interest of a covered employer." 29 C.F.R. § 825.104; See id.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the Court **DISMISS** Plaintiff's claims for discrimination under the ADA and Plaintiff's claims of retaliation under the FMLA asserted against Defendants in their individual capacities. In a companion Order, the Court allows Plaintiff to proceed with her FMLA retaliation claims against Defendants in their official capacities.

SO REPORTED and RECOMMENDED this 11th day of February, 2015, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA