IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JOHNNA JOWANNA MIMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 114-239 |
| | ) | |
| CAREY BARNES, Commissioner's | ) | |
| Designee for Adverse Actions; JULIE | ) | |
| LEWANDOWSKI, GA P.O.S.T. Investigator; | ) | |
| TOMEIKA T. JORDAN, GDC Internal | ) | |
| Affairs Investigator; MICHAEL STANTON | ) | |
| SHEPARD, Warden; T.J. CONLEY, Deputy | ) | |
| Warden of Security; SERGEANT | ) | |
| MICHAEL MCNEIL; OFFICER JESSICA | ) | |
| LEE, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Plaintiff commenced the above-captioned employment discrimination case *pro se* and requests permission to proceed *in forma pauperis* ("IFP"). (Doc. no. 2.) Having considered Plaintiff's affidavit of poverty, the Court **GRANTS** her request to proceed IFP. If in the future, however, it appears that Plaintiff's financial situation has improved, the Court may act on its own initiative to require her to pay either the entire filing fee or an appropriately determined partial filing fee. Because she is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984).

# I.  SCREENING OF THE COMPLAINT

## A.  BACKGROUND

Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.  Plaintiff is an employee of Augusta State Medical Prison, and it appears from the complaint that she works in the kitchen with Defendant Officer Jessica Lee.  (See doc. no. 1, pp. 4-5.)  On March 5, 2014, the day Plaintiff returned from FMLA leave taken so she could care for her mother, Officer Lee disclosed to inmates working in the kitchen the exact hospital, location, and condition of Plaintiff's mother.  (See id., p. 3.)  On March 29, 2014, Officer Lee prepared a false report regarding Plaintiff and submitted it to her supervisors, and she made disparaging statements about Plaintiff's character and work ethic to inmates.  (Id. at 4.)  Early on March 30, 2014, Plaintiff confronted Officer Lee about the statements which resulted in a physical altercation.  (Id. at 5.)  Even after the altercation stopped, Officer Lee kept pushing Plaintiff and accused Plaintiff of assaulting her to Defendant Sergeant Michael McNeil.  (Id.)  Sergeant Lewis escorted Plaintiff to security after the altercation, and a security officer named Clifford Brown prohibited Plaintiff from returning to the kitchen and obtaining witness statements.  (Id.)  Officer Lee had no such restrictions.  (Id.)

On March 31, 2014, Plaintiff and Officer Lee meet with T.J. Conley, Deputy Warden of Security, who allowed Officer Lee to present a defense and witness statements but did not allow Plaintiff to do so.  Mr. Conley told Plaintiff she was lying and did not have any proof to support her version of events.  (Id. at 6.)  On April 1, 2014, Plaintiff met with Warden Shepard and explained her version of events but he nonetheless suspended her pending an investigation by internal affairs.  (Id. at 6-7.)  On April 4, 2014, Plaintiff met with Investigator Tomeika Jordan,

who informed Plaintiff that she had two pending charges and needed to tell the truth because it did not look good for her. (Id. at 7.) Plaintiff explained to Investigator Jordan that she was not able to gather witness statements in support of her side of the story. (Id.) On April 7, 2014, Warden Shepard fired Plaintiff for assaulting a co-worker. (Id.)

On April 11, 2014, Defendant Carey Barnes, the commissioner's designee for adverse actions, instructed Plaintiff to put the events in writing and fax it to him, and Plaintiff complied. (Id. at 8.) On May 18, Plaintiff received a letter from Carey Barnes upholding her termination due to Plaintiff admitting the allegations forming the basis of the termination. (Id.) Plaintiff sent Carey Barnes another letter explaining that she was not allowed to present her side of the story and Warden Shepard had tried to press charges. (Id.) Plaintiff also received a letter from Defendant Julie Lewandowski regarding her certifications and responded with a letter about her deprivation of rights. (Id. at 9.) In addition, Sergeant McNeil has destroyed statements written in Plaintiff's favor, and Captain Gibbons has made statements in front of other officers resulting in discrimination against her. (Id.)

Plaintiff asserts she has been subjected to unlawful discrimination under the Americans with Disabilities Act ("ADA") due to her "relationship with her mother, in [sic] which subjected [Plaintiff] to a hostile work environment, emotional distress, and deprivation of rights that are guaranteed in the U.S. Constitution." (Id.) Plaintiff asserts that she and Officer Lee "are similarly situated, but the only difference is [Plaintiff's] ADA-association and her relationship with supervisors at the time of these events." (Id.)

Liberally construing Plaintiff's allegations in her favor and granting her the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds that Plaintiff has

arguably stated a viable FMLA retaliation claim against Defendants in their official capacities. See Brungart v. BellSouth Telecommunications, Inc., 231 F.3d 791, 799 (11th Cir. 2000) (finding proximity in time is sufficient to raise an inference of causation); Martin v. Brevard Cnty. Pub. Sch., 543 F.3d 1261, 1268 (11th Cir. 2008) (stating a prima facie FMLA retaliation claim consists of demonstrating that (1) she engaged in statutorily protected activity, (2) she suffered an adverse employment decision, and (3) the decision was causally related to the protected activity); 29 C.F.R. § 825.104 ("Employers covered by FMLA also include any person acting, directly or indirectly, in the interest of a covered employer to any of the employees of the employer"). In a companion Report and Recommendation, the Court recommends dismissal of Plaintiff's ADA discrimination claims and Plaintiff's FMLA claims against Defendants in their individual capacities.

An official capacity claim is, in substance, a proceeding against the governmental entity. See Kentucky v. Graham, 473 U.S. 159, 166 (1985); Clifton v. Georgia Merit Sys., 478 F. Supp. 2d 1356, 1362 (N.D. Ga. 2007). Although a state entity is normally immune from money damages, such suits are allowed in the FMLA context. See Nevada Dep't of Human Res. v. Hibbs, 538 U.S. 721, 722-23 (2003). The Court will allow service on all of the named Defendants in their official capacities but expects direction from defense counsel regarding the proper defendants, in the form of a motion for substitution, upon service of the complaint.

## II.    INSTRUCTIONS

**IT IS HEREBY ORDERED** that service of process shall be effected on Defendants. The United States Marshal shall mail a copy of the complaint (doc. no. 1) and this Order by first-class mail and request that the defendants waive formal service of the summons. Fed. R. Civ. P.

4(d). Individual defendants have a duty to avoid unnecessary costs of serving the summons, and if a defendant fails to comply with the request for waiver, the defendant must bear the costs of personal service unless good cause can be shown for failure to return the waiver. Fed. R. Civ. P. 4(d)(2). A defendant whose return of the waiver is timely does not have to answer the complaint until sixty days after the date the Marshal mails the request for waiver. Fed. R. Civ. P. 4(d)(3). However, service must be effected within 120 days of the date of this Order, and the failure to do so may result in the dismissal of any unserved defendant. Fed. R. Civ. P. 4(m). Plaintiff is responsible for providing sufficient information for the Marshal to identify and locate the defendants to effect service.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon the defendants, or upon their defense attorney if appearance has been entered by counsel, a copy of every further pleading or other document submitted to the Court. Plaintiff shall include with the papers to be filed a certificate stating the date a true and correct copy of any document was mailed to the defendants or their counsel. Fed. R. Civ. P. 5; Loc. R. 5.1. Every pleading shall contain a caption setting forth the name of the court, the title of the action, and the file number. Fed. R. Civ. P. 10(a). Any paper received by a District Judge or Magistrate Judge that has not been properly filed with the Clerk of Court or that fails to include a caption or certificate of service will be returned.

It is Plaintiff's duty to cooperate fully in any discovery that may be initiated by the defendant. Upon being given at least five days notice of the scheduled deposition date, Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath and solemn affirmation, any question that seeks information relevant to the subject matter of the pending

action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, <u>including dismissal of this case</u>. The defendants shall ensure that Plaintiff's deposition and any other depositions in the case are taken <u>within the 140-day discovery period</u> allowed by this Court's Local Rules.

While this action is pending, Plaintiff shall immediately inform this Court and opposing counsel of any change of address. Failure to do so will result in dismissal of this case.

Plaintiff must pursue this case; if Plaintiff does not press the case forward, the Court may dismiss it for want of prosecution. Fed. R. Civ. P. 41; Loc. R. 41.1. If Plaintiff wishes to obtain facts and information about the case from the defendants, Plaintiff must initiate discovery. <u>See generally</u> Fed. R. Civ. P. 26 through 37 (containing the rules governing discovery and providing for the basic methods of discovery). Plaintiff should begin discovery promptly and complete it within four months after the filing of the last answer of a defendant named in the amended complaint screened herein.

Interrogatories are a practical method of discovery for *pro se* litigants. <u>See</u> Fed. R. Civ. P. 33. Interrogatories shall not contain more than twenty-five questions. <u>Id.</u> Plaintiff must have the Court's permission to propound more than one set of interrogatories to a party. Discovery materials should not be filed routinely with the Clerk of the Court; exceptions include when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. If Plaintiff wishes to file a motion to compel pursuant to Fed. R. Civ. P. 37, he should first contact the attorney for the defendants and try to work out the problem; if Plaintiff proceeds with the motion to compel, he

should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery.  Loc. R. 26.5.

Plaintiff must maintain a set of records for the case.  If papers are lost and new copies are required, these may be obtained from the Clerk of the Court at the standard cost of fifty cents per page.

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen days of its service.  "Failure to respond shall indicate that there is no opposition to a motion."  Loc. R. 7.5.  Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that there is no opposition to the defendant's motion and grant the dismissal.

A response to a motion for summary judgment must be filed within twenty-one days after service of the motion.  Loc. R. 7.5, 56.1.  A failure to respond shall indicate that there is no opposition to the motion.  Loc. R. 7.5.  Furthermore, each material fact set forth in a defendant's statement of material facts will be deemed admitted unless specifically controverted by an opposition statement.  Should a defendant file a motion for summary judgment, Plaintiff is advised that he will have the burden of establishing the existence of a genuine issue as to any material fact in this case.  That burden cannot be carried by reliance on the conclusory allegations contained within the complaint.  Should a defendant's motion for summary judgment be supported by affidavit, Plaintiff must file counter-affidavits if he desires to contest the defendant's statement of the facts.  Should Plaintiff fail to file opposing affidavits setting forth specific facts showing that there is a genuine issue for trial, the consequences are these:  any

factual assertions made in the defendant's affidavits will be accepted as true and summary judgment will be entered against Plaintiff pursuant to Fed. R. Civ. P. 56.

SO ORDERED this 11th day of February, 2015, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA