IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JOHNNA JOWANNA MIMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 114-239 |
| | ) | |
| GEORGIA DEPARTMENT OF CORRECTIONS, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Before the Court are *pro* se Plaintiff's motion to appoint an expert witness and motion for leave depose all witnesses by written questions. (Doc. nos. 42, 43.) For the reasons set forth below, the Court **DENIES** Plaintiff's motion to appoint an expert witness and **GRANTS** Plaintiff's motion to depose all witnesses by written questions.

**I.  Plaintiff's Motion to Appoint an Expert Witness**

Plaintiff alleges claims of retaliation under the Family and Medical Leave Act ("FMLA") against Defendant Georgia Department of Corrections, a procedural due process claim against Defendants Barnes, Jordan, Shepard, Conley, McNeil, and Lee, and a claim of defamation against Defendant Lee. Plaintiff's claims are, in essence, a claim of wrongful termination, challenging the process behind her termination by the Georgia Department of Corrections. (See doc. no. 24, pp. 2-7.) She alleges that an altercation with a co-worker was a ruse for her termination, she was actually terminated in retaliation for taking leave to care

for her mother, and that she was not allowed to present her side of the story in defense against the termination decision. (Id.) She also claims defamation by Defendant Lee, her co-worker involved in the altercation, regarding statements to inmates about her work ethic. (Id.)

Plaintiff requests this Court to appoint an expert witness under Fed. R. Evid. 706, claiming that she requires an expert but is unable to hire one because she is indigent. (Doc. no. 42, p. 2.) She also assumes that Defendant Georgia Department of Corrections will call an expert witness. (Id. at 3.) Defendant Georgia Department of Corrections opposes this request on the basis that Fed. R. Evid. 706 only requires appointment of an expert witness when the issue before the Court is so complex that an independent objective expert witness is needed, and that they do not intend to call an expert. (Doc. no. 45, p. 2.)

Under Fed. R. Evid. 706(a), a district court may on its own motion or at a party's request appoint an independent expert to aid its analysis of the admissibility of proffered evidence. Such an appointment is especially appropriate where the evidence or testimony at issue is scientifically or technically complex. See Allison v. McGhan Med. Corp., 184 F.3d 1300, 1310-1311 (11th Cir. 1999). Where a party requests the appointment of an expert to aid in evaluating evidence that is relevant to a central issue in the case, the Court is obligated to fairly consider the request and to provide a reasoned explanation for its ultimate decision on the matter. Steele v. Shah, 87 F.3d 1266, 1271 (11th Cir.1996). However such a decision is vested in the sound discretion of the trial court. Quiet Tech. DC-8, Inc. v. Hurel-Dubois UK Ltd., 326 F.3d 1333, 1349 (11th Cir. 2003) (citing Oklahoma Natural Gas Co. v. Mahan & Rowsey, Inc., 786 F.2d 1004, 1007 (10th Cir.1986)).

Here, nothing about Plaintiff's employment and defamation claims requires an independent expert. They are not scientifically or technically complex by any measure. Further, the purpose of Fed. R. Evid. 706 is not to appoint an expert in aid of a *pro se* Plaintiff, but rather to provide an independent expert for the Court's utilization to sift through technically complex testimony and reports. See Quiet Tech. DC-8, Inc, 326 F. 3d at 1349. Defendant's representation that they do not intend to call an expert negates any concern about Plaintiff not having access to her own expert. Accordingly, the Court **DENIES** Plaintiff's motion to appoint an expert witness. (Doc. no. 42.)

**II.     Plaintiff's Motion for Leave to Depose All Witnesses by Written Questions**

Plaintiff also moves for leave to deposes all witnesses by written questions under Fed. R. Civ. P. 31(a)(2), alleging that she will require more than ten depositions and that two of the witnesses she wishes to depose are imprisoned. (Doc. no. 43.) Defendants do not oppose this request but state that oral depositions will be more efficient. (Doc. no. 44, p. 2.)

Because Defendants do not oppose this request as to taking more than ten depositions, the Court finds it appropriate to grant Plaintiff's motion in this regard. See Fed. R. Civ. P. 31(a)(2)(A) (requiring leave of court only when parties have not stipulated to deposition). Further, because granting leave is not inconsistent with Fed. R. Civ. P. 26(b)(2), the Court **GRANTS** Plaintiff's motion for leave to depose witnesses by written questions. (Doc. no. 43.)

SO ORDERED this 27th day of January, 2016, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA