```
IN THE UNITED STATES DISTRICT COURT
  FOR THE SOUTHERN DISTRICT OF GEORGIA
            AUGUSTA DIVISION
```

JOHNNA JOWANNA MIMS,              *
                                  *
     Plaintiff,                   *
                                  *
     v.                           *      CV 114-239
                                  *
GEORGIA DEPARTMENT OF             *
CORRECTIONS,                      *
                                  *
     Defendant.                   *

---

## O R D E R
---

Presently before the Court is Plaintiff's motion to strike thirteen of the sixteen defenses Defendant raises in its answer. For the reasons below, Plaintiff's motion (Doc. 40) is **GRANTED IN PART** and **DENIED IN PART**.

### I. DISCUSSION

Under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, or scandalous matter." However, "motions to strike are usually denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." Adams v. Jumpstart Wireless Corp., 294 F.R.D. 668, 671 (S.D. Fla. 2013)(internal quotation marks and citation omitted). Among the defenses that courts have found to lack any possible relation are those that "would not constitute

a valid defense under the facts alleged." Tomason v. Stanley, 297 F.R.D. 541, 545 (S.D. Ga. 2014).

Because this case now involves only Plaintiff's FMLA claim, the Court has concerns with Defendant's (1) statute of limitations, (2) sovereign immunity, and (3) administrative prerequisite defenses. First, in its brief, Defendant stated that, insofar as Plaintiff has alleged an FMLA claim arising out of her employment termination, it "acknowledges that [Plaintiff] has brought her FMLA claim within the two-year statute of limitations."[1] (Doc. 41 at 5.) Second, Defendant made no argument to refute Plaintiff's contention that an FMLA claim rooted in the statute's family-care provisions is not precluded by sovereign immunity.[2] (Id. at 3.) Finally, as to its administrative prerequisite defense, Defendant acknowledged that "to pursue her FMLA claim, Plaintiff was not required to meet any such prerequisites."[3] (Id. at 5.)

Based on these in-brief representations, the Court strikes Defendant's (1) statute of limitations, (2) sovereign immunity, and (3) administrative prerequisite defenses to the extent they are asserted against Plaintiff's claim that she was terminated

---

[1] The FMLA has a two-year statute of limitations for private claims. See 29 U.S.C. § 2617(c)(1).

[2] As Plaintiff maintains, a claim "based upon the family-care provisions of the FMLA is not barred by sovereign immunity." Cotora v. Lee Cnty., No. 2:10-cv-775, 2012 WL 2996550, at *4 (M.D. Fla. July 23, 2012)(citing Nev. Dep't of Human Res. v. Hibbs, 538 U.S. 721 (2003)).

[3] See 29 U.S.C. § 2617(a).

for requesting and/or taking FMLA leave to care for her mother. All of Defendant's other defenses may continue.

## II. CONCLUSION

For the reasons above, Plaintiff's motion to strike (Doc. 40) is **GRANTED IN PART** and **DENIED IN PART**.

**ORDER ENTERED** at Augusta, Georgia, this 31ST day of March, 2016.

							 _____
							 HONORABLE J. RANDAL HALL
							 UNITED STATES DISTRICT JUDGE
							 SOUTHERN DISTRICT OF GEORGIA